MILLER et ux,
*Appellants,*

*v.*

GASSNER et al,
*Respondents.*

(No. A79-03-01294, CA 17168)

632 P2d 1318

James A. Cox, Lake Oswego, argued the cause for appellants. With him on the brief was Richard J. Geisert, Lake Oswego.

Thomas K. Hooper, Portland, argued the cause for respondents Gassner. With him on the brief were William P. Hutchison, Jr. and Hutchinson, Hutchison & Hooper, Portland.

Robert E. Martin, Portland, waived appearance for respondent Kraljev.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This action for specific performance was tried as a companion case to *Wallstreet Properties v. Gassner,* 53 Or App 650, 632 P2d 1310 (1981). Both actions arose out of a contemplated three-way, tax-deferred exchange of real property.

On December 5, 1977, defendants Gassner executed an earnest money agreement to sell their apartment complex to plaintiffs. Plaintiffs knew they were not to receive that property directly from defendants Gassner. The parties understood that defendants Gassner would exchange their property with that of a third party, defendant Kraljev. The third party would then convey the property to plaintiffs for the purchase price. The earnest money agreement executed by the parties provided that it was "subject to seller [defendants Gassner] effecting a tax-deferred exchange agreement."

Defendants Gassner subsequently entered into an exchange agreement with the third party. The transaction was not completed. Wallstreet Properties was one of the brokers involved and brought an action to recover its commission. In *Wallstreet Properties v. Gassner, supra,* we held the exchange agreement was not, as a matter of law, specifically enforceable against defendants Gassner and affirmed a decree in their favor.

In this appeal plaintiffs contend the three-way exchange was not completed because of wrongful hindrance by defendants Gassner. Our review is *de novo.* ORS 19.125(3). We have reviewed the record and are not persuaded to reach a conclusion different from that reached by the trial court. The decree denying specific performance is affirmed.

Affirmed.